**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUAN TOAPANTA SALAZAR,
A# 246-389-790,
Petitioner,

-v-

LaDEON FRANCIS, in his official capacity as Acting Field Office Director, New York Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, and his successors in office; OFFICER-IN-CHARGE / SUPERVISORY DETENTION AND DEPORTATION OFFICER, ICE New York Field Office Hold Rooms, 26 Federal Plaza; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

Case No.
1:26-cv-07160 Teopanta Salazar v. LaDeon et al

**[PROPOSED] ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**

Upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Juan Toapanta Salazar; upon Petitioner's Emergency Motion for a Temporary Restraining Order, Administrative Stay, and Order to Show Cause; upon the Memorandum of Law and the Declaration of Lina Stillman, Esq., with Exhibits A through C annexed thereto; and upon all prior proceedings herein; and it appearing that Petitioner is presently detained by U.S. Immigration and Customs Enforcement at 26 Federal Plaza, New York, New York, in a short-term holding facility from which detainees may be transferred on short notice; and the Court finding that the interests of justice and the orderly adjudication of the Petition warrant preservation of the *status quo* and expedited proceedings pending the Court's determination of the Petition on the merits; and the Court making no finding at this time as to the lawfulness of Petitioner's detention, it is hereby

**ORDERED** that, pursuant to 28 U.S.C. § 2243, Respondents **SHOW CAUSE** before the Honorable Jed S. Rakoff, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 14B, on August 28, 2026, at 3:00 p.m., or at such other time and place as the Court may direct, why a writ of habeas corpus should not be granted and why Petitioner should not be immediately released from custody; and it is further

**ORDERED** that Respondents shall file and serve their return and any opposition to the Petition and to the Emergency Motion on or before August 26, 2026 [~~*proposed: three days from the date of this Order, consistent with 28 U.S.C. § 2243*~~]; and it is further

**ORDERED** that Respondents' return shall **certify the true cause of Petitioner's detention**, 28 U.S.C. § 2243, and shall state expressly the statutory provision or provisions under which

Respondents contend Petitioner is presently detained, including whether Respondents contend that Petitioner is detained pursuant to 8 U.S.C. § 1225(b), 8 U.S.C. § 1226(a), 8 U.S.C. § 1226(c), or 8 U.S.C. § 1231; and it is further

**ORDERED** that Respondents shall, on or before the date their return is due, produce to Petitioner's counsel and file with the Court (with any redactions required by Fed. R. Civ. P. 5.2, and subject to any application to seal) the following records relating to Petitioner, to the extent they exist:

(a) any Form I-200, Warrant for Arrest of Alien;
(b) any Form I-286, Notice of Custody Determination;
(c) any Form I-203, Order to Detain or Release Alien;
(d) any Notice to Appear, together with proof of filing with the immigration court;
(e) any Form I-213, Record of Deportable/Inadmissible Alien, and any ERO arrest report or arrest narrative;
(f) any document granting, terminating, or revoking parole under 8 U.S.C. § 1182(d)(5)(A), and any Form I-94 or record of admission or release at or near a port of entry;
(g) any record of an individualized determination that Petitioner poses a danger to persons or property or a risk of flight, and any notice of such determination served upon Petitioner;
(h) any detention classification or statutory custody designation assigned to Petitioner;
(i) any order of an immigration judge or of the Board of Immigration Appeals, and any order of removal, relied upon by Respondents; and
(j) any other record identifying the legal authority under which Petitioner is presently detained;

and it is further

**ORDERED** that Petitioner may file and serve a reply on or before August 22, 2026 ~~[*proposed: two days after Respondents' return*]; and it is further~~ and it is further

**ORDERED** that, pending the Court's determination of the Petition and the Emergency Motion, and pursuant to Fed. R. Civ. P. 65, 28 U.S.C. § 2241, and 28 U.S.C. § 1651(a), Respondents, and all persons acting in concert or participation with them who receive actual notice of this Order:

**(1)** shall **NOT REMOVE** Petitioner Juan Toapanta Salazar, A# 246-389-790, from the United States absent further order of this Court;

**(2)** shall **NOT TRANSFER** Petitioner to any facility outside the Southern District of New York — or, in the alternative and to the extent the Court so directs, outside the Southern District of New York, the Eastern District of New York, and the District of New Jersey — absent further order of this Court;

**(3)** shall **PROMPTLY NOTIFY** Petitioner's counsel of record, in writing, of the facility in which Petitioner is presently detained and of any change in that location, no later than 12 hours after any such change; and

**(4)** shall **AFFORD PETITIONER CONFIDENTIAL ACCESS** to his counsel of record by telephone or video, upon reasonable request, pending the return date;

and it is further

**ORDERED** that no security shall be required under Fed. R. Civ. P. 65(c), ~~or that security is set in the nominal amount of $________~~; and it is further

**ORDERED** that service of this Order, the Petition, the Emergency Motion, the Memorandum of Law, and the Declaration of Lina Stillman with exhibits shall be made upon Respondents by electronic mail and by overnight delivery upon the Civil Division of the United States Attorney's Office for the Southern District of New York on or before August 22, 2026, and such service shall be deemed good and sufficient service for purposes of this Order; and it is further

**ORDERED** that the Clerk of Court shall electronically notify the Civil Division of the United States Attorney's Office for the Southern District of New York that this Order has been issued, at the electronic mail address used by the Court for that purpose; and it is further

**ORDERED** that nothing in this Order shall be construed as a finding by the Court that Petitioner's detention is unlawful, that Petitioner is entitled to release, or that any party is likely to prevail on the merits; this Order is entered to preserve the *status quo*, to preserve the Court's jurisdiction, and to permit the expedited adjudication that 28 U.S.C. § 2243 requires; and it is further

**ORDERED** that Petitioner's request for such other and further relief as the Court deems just and proper is respectfully reserved for determination on the return date.

**SO ORDERED.**

Dated: New York, New York
August 21, 2026
6:00 p.m.

Jed S. Rakoff — Part I
UNITED STATES DISTRICT JUDGE